IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN EDWARD WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:20cv218-WKW-CSC |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 wherein John Edward White challenges his conviction and resulting sentence for possession of a firearm as a convicted felon. (Doc. 1.)[1] For the reasons that follow, the court recommends that White's motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

### I. BACKGROUND

On October 23, 2006, White pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. 104.) White was found to qualify as an Armed Career Criminal under 18 U.S.C. § 924(e), and on January 18, 2007, the district court sentenced him to 235 months' imprisonment. (Crim. Doc. 82.) White took no direct appeal.

---

[1] References to documents filed in this proceeding are designated as "Doc." References to documents filed in the underlying criminal case (Case No. 2:05cr132-WKW) are designated as "Crim. Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as presented for filing.

In June 2016, White filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[2] In it, he argued that, based upon the U.S. Supreme Court's holding in *Johnson v. United States*, 576 U.S. 591 (2015), he was entitled to be resentenced because his prior convictions no longer qualified him as an armed career criminal. The district court granted White's § 2255 motion, and on May 30, 2018, White was resentenced to 120 months' imprisonment.[3] (Crim. Doc. 141.)

On March 26, 2020, White filed this § 2255 motion asserting that his § 922(g)(1) conviction is invalid in light of the June 2019 decision of the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, White contends that: (1) when he possessed the firearm that was the basis of the § 922(g)(1) charge, he was on psychotropic medications and did not know the firearm had traveled in interstate commerce; and (2) he is "actually innocent" because his "mental health state and medication induced mind-frame" prevented him from "rationaliz[ing] 'knowingly' the elements that would deem him in violation of [§ 922(g)(1)] to meet the mens rea requirement." (Doc. 1 at 2.)

## II. LEGAL STANDARD

A prisoner is entitled to relief under § 2255 when the trial court imposes a sentence that: (1) violates the Constitution or laws of the United States; (2) exceeds its jurisdiction;

---

[2] *See White v. United States*, 2:16cv472-WKW-CSC.

[3] White filed a previous § 2255 motion in December 2013, which this court denied as time-barred under the one-year limitations period in 28 U.S.C. § 2255(f) in November 2014. *See White v. United States*, 2:13cv917-WHA-CSC. White's May 2018 resentencing pursuant to the granting of his June 2016 § 2255 motion created a new, intervening judgment, so that his instant § 2255 motion does not constitute a successive motion. *See Insignares v. Sec'y, Fla. Dep't of Corrections*, 755 F.3d 1273, 1281 (11th Cir. 2014).

2

(3) exceeds the maximum authorized by law; or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines that a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The burden to establish that vacatur of a conviction or sentence is appropriate falls upon the petitioning prisoner. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III.   DISCUSSION

#### A.   *Rehaif* and 18 U.S.C. § 922(g)(1)

White purports to base his motion on the U.S. Supreme Court's interpretation of 18 U.S.C. § 922(g)(1) in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Under § 922(g)(1), it is unlawful for any person "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." A related provision, § 924(a)(2), adds that anyone who "*knowingly* violates" the first provision shall be fined or imprisoned for up to 10 years. (Emphasis added.) Before *Rehaif*, to secure a felon-in-possession conviction under § 922(g)(1), the government had to prove that (1) the defendant "knowingly possessed a firearm"; (2) the defendant was "previously convicted of an offense punishable by a term

3

of imprisonment exceeding one year"; and (3) the firearm "was in or affecting interstate commerce." *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, the Supreme Court extended the knowledge requirement to the second of these factors. 139 S. Ct. at 2200. After *Rehaif*, the government must prove that the defendant "*knew* he belonged to the relevant category of persons barred from possessing a firearm" at the time of possession. *Id*. (Emphasis added.) This knowledge-of-status element recognized in *Rehaif* requires a defendant to have had knowledge he was a convicted felon when he was in possession of the subject firearm.[4] *Id*. at 2195–96.

**B.     Knowledge that Firearm Traveled in Interstate Commerce**

White claims his § 922(g)(1) conviction is constitutionally invalid in light of *Rehaif* because, he says, when he possessed the subject firearm, he was on psychotropic medications and did not know that the firearm had traveled in interstate commerce. (Doc. 1.) White's claim is grounded on a misunderstanding of the holding in *Rehaif*.

Under § 922(g)(1), the government must make a minimal showing that the possessed firearm previously traveled in interstate commerce. *See United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir. 2010). However, there is no requirement, like the one suggested by White, that the defendant know, when possessing the firearm, that the firearm had traveled in interstate commerce. This was so before *Rehaif*, and it is so after *Rehaif*.

---

[4] *Rehaif* "requires that the government prove that the defendant knows he is a felon. It does not require the government to prove that the defendant knew that being a felon prevent[ed] him from possessing a firearm." *Lackland v. United States*, 2021 WL 50775 at *3 (N.D. Ala. Jan. 6, 2021).

4

The Court in *Rehaif* went out of its way to recognize that proof of knowledge of the interstate nexus of the firearm, i.e., the "in or affecting commerce" element (referred to by the Court as § 922(g)(1)'s "jurisdictional element"), is not required. The Court stated:

> No one here claims that the word "knowingly" modifies the statute's jurisdictional element. Jurisdictional elements do not describe the evil Congress seeks to prevent, but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct (normally, as here, through its Commerce Clause power). Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter.

139 S. Ct. at 2196.

Because the government need not prove that a defendant had knowledge that the firearm traveled in interstate commerce, White's purported lack of knowledge of that element is irrelevant to his § 922(g)(1) conviction, and his conviction is unaffected by the holding in *Rehaif*.

**C.     Actual Innocence**

White claims he is actually innocent of violating § 922(g)(1) because his "mental health state and medication induced mind-frame" prevented him from "rationaliz[ing] 'knowingly' the elements that would deem him in violation of [the statute] to meet the mens rea requirement." (Doc. 1 at 2.)

The actual-innocence exception is exceedingly narrow and reserved only for extraordinary cases. *McKay*, 657 F.3d 1190, 1198–99 (11th Cir. 2011); *see Sawyer v. Whitley*, 505 U.S. 333, 341 (1992). Actual innocence is more than mere legal insufficiency; it means factual innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *McKay*,

5

657 F.3d at 1197. To establish actual innocence, a petitioner must show by a preponderance of the evidence that "no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To prove actual innocence under *Rehaif*, a petitioner must show he had no knowledge that he had been convicted of a felony at the time he possessed the firearm. *See* 139 S. Ct. at 2200; *see also, e.g., Hatcher v. United States*, 2022 WL 4474915, at *2 (N.D. Ala. Sept. 26, 2022).

      White makes no allegation that was unaware of his status as a convicted felon at the time he possessed the firearm. Indeed, "most people convicted of a felony know that they are felons." *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020) (citing *United States v. Miller*, 954 F.3d 551, 559 (2d Cir. 2020)). And "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon." *Id*. (citing *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019)). The record indicates that White had previously been convicted of at least five separate felony offenses, and for each such offense, he served a lengthy prison sentence well in excess of one year.[5] *See Innocent*, 977 F.3d at 1083 ("[S]erving more than a year in prison provides circumstantial evidence of knowledge of felon status."). White offers no evidence and raises no argument that he was unaware of his felon status at the time he possessed the firearm. White cannot show (and has not shown) that no reasonable juror would find he was unaware that he belonged to the class of persons prohibited from possessing a firearm. Thus, he cannot show by a preponderance of the evidence that no reasonable juror would have convicted him had they

---

[5] First- and second-degree robbery; first-degree escape; second-degree theft; and promoting prison contraband. (*See* Crim. Doc. 69 at 7, ¶ 32; 8, ¶¶ 34–35; 9, ¶¶ 36–37.)

been given the proper jury instruction (regarding knowledge of felon status) under *Rehaif*. *See Schlup* 513 U.S. at 327–28. Consequently, he has failed to satisfy the exceedingly narrow actual-innocence exception.[6] His assertions about his "mental health state and medication induced mind-frame" do not demonstrate his actual innocence by clear and convincing evidence "on the existing record." *Bousley,* 523 U.S. at 622.

### IV. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that White's § 2255 motion (Doc. 1) be DENIED and that this case DISMISSED with prejudice.

It is further ORDERED that by **January 11, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

---

[6] Arguably, neither claim in White's § 2255 motion relies on a right actually recognized in *Rehaif*, in which case, it is further arguable that both of White's claims are time-barred under the one-year limitations period in 28 U.S.C. § 2255(f) since both claims have been raised over a year after the judgment encompassed by White's May 2018 resentencing became final. Furthermore, White has not sufficiently explained why he could not have raised his claims at an earlier time. Thus, it is also arguable that his claims are procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234; *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). A § 2255 petitioner is procedurally barred if he cannot show cause for not raising the claim of error on direct appeal or that he is actually innocent. *Bousley,* 523 U.S. at 622. White fails to demonstrate cause excusing that default, and, as discussed above, he has not made a colorable claim of actual innocence.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the district court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 28th day of December, 2022.

                /s/ Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE